IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Jordan Sprinkler; | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| Hine Environmental Services, LLC, | § | |
| Eric Fields, and Todd Hine. | § | |
|    *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

On June 22, 2022, Defendant Eric Fields was operating an eighteen-wheeler in the course and scope of his employment with Defendant Hine Environmental Services, LLC when he failed to yield the right of way to Plaintiff Jordan Sprinkler while crossing SH 73. It is without question that Defendant Fields had an inadequate amount of time to cross the eastbound lanes in relation to Plaintiff's vehicle. Defendant nevertheless proceeded to drive across SH 73 and obstruct all eastbound traffic on the highway, resulting in a devastating collision with Plaintiff.

This collision caused Plaintiff Jordan Sprinkler to suffer severe personal injuries and property damages, for which she now brings suit.



*Images 1 & 2: Damage to Plaintiff's Vehicle and Field Diagram of Collision*

## PARTIES

1. Plaintiff is an individual residing in Coryell County, Texas. Plaintiff may be served by and through her attorney of record: Andrew Cobos, The Cobos Law Firm, 711 W. Alabama St., Houston, TX 77006.

2. Defendant Hine Environmental Services, LLC is a foreign limited liability company conducting business in Texas. Defendant may be served with process by serving its registered agent, Todd Hine, 922 North Prairie View, Lake Charles, LA 70605.

3. Defendant Eric Fields is an individual residing at 425 Lucius Rd, DeQuincy, LA 70633. Defendant Fields may be served with process at this address or wherever he may be found.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. This Court has personal jurisdiction over Defendant Hine Environmental Services, LLC because it has minimum contacts with the State of Texas and regularly conducts business in the State of Texas. Furthermore, Plaintiff's injuries arise out of Defendant Hine Environmental Services, LLC's purposefully directed activities in the State of Texas. As such, this Court has specific jurisdiction over Defendant Hine Environmental Services, LLC.

6. This Court has personal jurisdiction over Defendant Eric Fields because he has minimum contacts with the State of Texas and regularly conducts business in the state. Furthermore, Plaintiff's injuries arise out of Defendant Eric Fields's purposefully directed activities in the State of Texas. As such, this Court has specific jurisdiction over Defendant Eric Fields.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Plaintiff seeks monetary relief of over $1,000,000.00.

## FACTS

9. On June 22, 2022, Defendant Eric Fields was travelling westbound on SH 73 towards a private drive while operating a 2019 Kenworth T680 with trailer attached. Defendant Eric Fields then came to a complete stop at the yield sign located at the intersection of SH 73 and the private drive. At that time, Plaintiff was travelling eastbound on SH 73.

10. As Plaintiff began to approach the private drive, Plaintiff witnessed Defendant Fields suddenly disregard the yield sign, cross into the eastbound lanes of the highway, and obstruct Plaintiff's right of way. Plaintiff immediately engaged the brakes of her vehicle, however, Defendant Field's blatant disregard of the yield sign, coupled with the size of Defendants' trailer, caused Plaintiff's vehicle to strike Defendants' trailer at high speed.



*Image 3: Texas Peace Officer's Crash Report Narrative and Diagram*

11. Responding law enforcement officers determined Defendant Fields to be at fault and issued Defendant a citation for failure to yield the right-of-way at a yield intersection.

| Unit Num. | Prsn. Num. | Charge |
|---|---|---|
| 1 | 1 | Fail to yield row at yield intersection |

*Image 4: Texas Peace Officer's Crash Report showing Defendant was issued a citation*

PLAINTIFF'S ORIGINAL COMPLAINT

12. The Kenworth T680 and trailer were both owned by Defendant Hine Environmental Services, LLC and were operated by Defendant Fields in the course and scope of his employment with Defendant Hine Environmental Services, LLC at the time of the collision. Defendant Hine Environmental Services, LLC knew, or in the exercise of reasonable care should have known, that Defendant Fields was unfit or unqualified for a position to safely operate commercial motor vehicles, yet allowed him to operate their truck and trailer, without adequate training, resulting in the collision at issue.

13. As a result of the collision, Plaintiff suffered serious personal injuries and property damages for which she now seeks to recover.

## CAUSE OF ACTION 1 - NEGLIGENCE

14. Plaintiff incorporates the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

15. Defendant Fields had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.

16. Defendant Fields breached the duty of care in the following ways:

   a. Failing to yield the right of way;

   b. Failing to maintain a proper lookout;

   c. Failing to maintain proper control of his vehicle;

   d. Failing to control his vehicle's speed;

   e. Failing to maintain a safe distance from other vehicles;

   f. Failing to drive in a reasonable and prudent manner;

   g. Driving distracted;

   h. Exhibiting inadequate driver attention

17. As a direct and proximate result of Defendant Fields's breach of duty, Plaintiff suffered actual damages, including:

   a. Past medical expenses;

   b. Future medical expenses

   c. Past pain and suffering;

   d. Future pain and suffering; and

   e. Loss of enjoyment of life.

18. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## CAUSE OF ACTION 2 – NEGLIGENCE PER SE

19. Plaintiff incorporates the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

20. In addition to other causes of action, Defendant Fields's negligence, as described above, violated the following Texas laws:

   a. Texas Transportation Code 545.153(c)(2), which requires a driver to yield the right-of-way to vehicles approaching on another highway at an intersection controlled by a yield sign;

   b. Texas Transportation Code 545.062(a), which requires a driver to maintain a safe distance between his and other vehicles; and

   c. Texas Transportation Code 545.401, which prohibits driving a vehicle with willful and wanton disregard for the safety of others.

21. The above-cited laws are designed to protect a class of persons, to which Plaintiff belongs, against the type of injuries suffered by the Plaintiff.

22. Defendant's violations of the above-cited laws constitute a breach of duty imposed by the Texas Transportation Code and were without legal excuse.

23. As a direct and proximate result of Defendant's breach of duty, Plaintiff suffered actual damages, including:

    d. Past medical expenses;

    e. Future medical expenses;

    f. Past pain and suffering;

    g. Future pain and suffering; and

    h. Loss of enjoyment of life.

24. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## CAUSE OF ACTION 3 – NEGLIGENT ENTRUSTMENT

25. Plaintiff incorporates the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

26. Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant Hine Environmental Services, LLC failed to exercise due care and negligently entrusted a commercial motor vehicle to its employee, Defendant Fields.  Defendant Hine Environmental Services, LLC knew or should have known that Defendant Fields was not capable of safely driving a commercial motor vehicle because he was unfit, unsafe, dangerous, incompetent or reckless such that his driving created an unreasonable risk of danger to the public using the roadways.  Consequently, Defendant Fields did in fact operate the entrusted commercial vehicle in a negligent manner as more fully described above. But for Defendant Hine Environmental Services, LLC's negligent entrustment of the commercial motor vehicle to Defendant Fields, this motor vehicle collision would not have occurred. Therefore, through Defendant Hine Environmental Services, LLC's negligent entrustment of the truck to Defendant Fields, Defendant Hine Environmental Services, LLC directly and proximately caused the collision which resulted in Plaintiff's injuries and damages.

## CAUSE OF ACTION 4: NEGLIGENT HIRING

27. Plaintiffs incorporate the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

28. Defendant Hine Environmental Services, LLC was negligent in the hiring of Defendant Fields in that Defendant Hine Environmental Services, LLC knew, or in the exercise of reasonable care should have known, that Defendant Fields was unfit or unqualified for a position to safely operate commercial motor vehicles under the control of Defendant Hine Environmental Services, LLC. Defendant Hine Environmental Services, LLC were further negligent in employing and providing Defendant Fields with a commercial motor vehicle.

## CAUSE OF ACTION 5: NEGLIGENT TRAINING

29. Plaintiffs incorporate the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

30. Defendant Hine Environmental Services, LLC was negligent in the training of Defendant Fields, in that Defendant Hine Environmental Services, LLC knew, or in the exercise of reasonable care should have known, that Defendant Fields was unfit or unqualified for a position requiring the safe operation of commercial motor vehicles. Defendant Hine Environmental Services, LLC failed to properly train and/or instruct Defendant Fields in the safe operation and entrustment of a commercial motor vehicle. Defendant Hine Environmental Services, LLC failed to instruct or train Defendant Fields concerning the subject commercial motor vehicle and allowed Defendant Fields to drive a commercial motor vehicle when it knew or should have known that Defendant Fields was not qualified in or capable of operating the commercial vehicle prudently.

## CAUSE OF ACTION 6: NEGLIGENT SUPERVISION

31. Plaintiffs incorporate the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

32. Defendant Hine Environmental Services, LLC was negligent in the supervision of Defendant Fields in that Defendant Hine Environmental Services, LLC knew, or in the exercise of reasonable care should have known, that Defendant Fields was unfit or unqualified for a position requiring the safe operation of commercial motor vehicles. Defendant Hine Environmental Services, LLC failed to supervise Defendant Fields for the job being performed. Defendant Hine Environmental Services, LLC failed to supervise Defendant Fields on the date of the incident in question and allowed or failed to prevent Defendant Fields from operating Defendant Hine Environmental Services, LLC's commercial vehicle in an unsafe manner.

## CAUSE OF ACTION 7 - GROSS NEGLIGENCE

33. Plaintiffs incorporate the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

34. Defendants' actions were knowing, reckless, and/or malicious, and when viewed objectively from the Defendants' standpoint, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Defendant Fields blatantly disregarded a yield sign when it was clear that Plaintiff was approaching the highway intersection. Defendant Hine Environmental Services, LLC put unqualified and untrained drivers like Defendant Fields on the road, knowing that by so doing, they increased the probability of significant traffic collisions. Defendants failed to properly retrain their drivers, despite repeat occurrences of preventable accidents and safety hazards posed by their drivers.

35. Defendants all had subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of others. Therefore, Plaintiff seeks punitive damages against all Defendants.

## CAUSE OF ACTION 8: RESPONDEAT SUPERIOR

36. Plaintiff incorporates the foregoing factual allegations as if herein quoted verbatim

and set forth herein at length.

37. Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiffs would further show this Court that Defendant Fields was in the course and scope of his employment with Defendant Hine Environmental Services, LLC at the time of this collision. Under the doctrine of Respondeat Superior, Defendant Hine Environmental Services, LLC is responsible for Plaintiffs' damages caused by Defendant Fields's negligence as alleged above.

## PRAYER

38. For these reasons, Plaintiff ask that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages.

   b. Prejudgment and postjudgment interest.

   c. Court costs.

   d. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**THE COBOS LAW FIRM**

By: */s/ Andrew J. Cobos*
Andrew J. Cobos
State Bar No. 24078352
Nicholas Kacal
State Bar No. 24123106
1300 McGowen St.
Houston, Texas 77004
Telephone: (713) 234-5860
Facsimile: (713) 583-5524
andrew@cobos.law
nicholas@cobos.law

PLAINTIFF'S ORIGINAL COMPLAINT

*-and-*

**THE ROSE SANDERS LAW FIRM**
Charles Sanders
Texas Bar No. 24118667
Email: charles@rosesanderslaw.com
Erica Rose
Texas Bar No. 24110298
Email: erica@rosesanderslaw.com
1 Greenway Plaza, Ste. 100
Houston, Texas 77046
Phone: 713-221-3773
Fax: 832-550-2554

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL COMPLAINT