IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JORDAN SPRINKLER | § | |
| | § | CASE NO.  1:22-CV-00364-TH |
| VS. | § | |
| | § | |
| HINE ENVIRONMENTAL SERVICES | § | |
| LLC, ERIC FIELDS AND | § | |
| TODD HINE | § | JURY TRIAL DEMANDED |

**RULE 12(e) AND RULE 12(b)(6) MOTIONS**

TO THE COURT:

ERIC FIELDS ("FIELDS"), Defendant, files this as his Rule 12(e) and Rule 12(b)(6) Motions on the allegations of Negligence Per Se set forth in Plaintiff's Original Complaint. In support of his Rule 12(e) and Rule 12(b)(6) Motions, which are filed concurrent with his Original Answer, FIELDS would show this Court as follows:

**Rule 12(e) and Rule 12(b)(6) Motion on Negligence Per Se**

1.      Defendant FIELDS specially excepts and move under Rule 12(e) for a more definite statement as to Paragraphs 20, 21 and 22 of Plaintiff's Original Complaint. In Paragraphs 20, 21, and 22 of Plaintiff's Original Complaint, Plaintiff claims a right to recover due to the Defendant's conduct amounting to negligence per se, to which Defendant specially excepts and moves under Rule 12(e) for the Plaintiff to draft a more definite statement. If the Plaintiff does not, then Defendant moves this Court to strike Paragraphs 20, 21 and 22 of Plaintiff's Original Complaint.  The transportation code sections cited by the Plaintiff are precisely the type held by Texas courts to involve a reasonably prudent standard

of care and not negligence per se. Defendant specially excepts to these allegations because they are conditional, and do not put the public on notice by specifically defining the required conduct; therefore, they **cannot** be used to prove negligence per se. *See Ordonez v McCurdy,* 985 S.W.2d 264, 271 (Tex. App.—Houston [1st Dist.] 1972, no writ)., *Perry v. S.N.,* 973 S.W.2d 301, 305-306 (Tex. 1998). Thus, the Plaintiff should be required to re-plead with more specificity and/or drop this cause of action in its entirety as it has no basis in law or fact.

2.   In addition, Defendant moves under Rule 12(b)(6) to strike the claims made in Paragraphs 20, 21, and 22 of Plaintiff's Original Complaint because those paragraphs fail to state a claim upon which relief can be granted, because they are conditional, and do not put the public on notice by specifically defining the required conduct; therefore, they **cannot** be used to prove negligence per se. *See Ordonez v McCurdy,* 985 S.W.2d 264, 271 (Tex. App.—Houston [1st Dist.] 1972, no writ)., *Perry v. S.N.,* 973 S.W.2d 301, 305-306 (Tex. 1998).

## Prayer

3.   Defendant FIELDS prays this Court grant the Rule 12(e) and Rule 12(b)(6) Motions as outlined above. FIELDS further prays for all other relief, general or special, at law or in equity, to which he shows himself entitled to receive.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

BY: */s/ George T. Jackson*
George T. Jackson
FBN 15072
SBN 10466950
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Fax:           (713) 622-8077
E-mail:      gjackson.atty@bushramirez.com

**ATTORNEY FOR**
**HINE ENVIRONMENTAL SERVICES, LLC**
**and TODD HINE AND ERIC FIELDS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, a true and correct copy of this instrument was forwarded to all known counsel, using the Court's CM/ECF system, and via E mail and Fax in accordance with the Federal Rules of Civil Procedure and applicable Local Rules.

**Via e-service:**
Andrew J. Cobos
Nicholas Kacal
The Cobos Law Firm
1300 McGowen ST
Houston, TX 77004

Charles Sanders
Erica Rose
The Rose Sanders Law Firm
1 Greenway Plaza, Ste. 100
Houston, TX 77046

*/s/George T. Jackson*
George T. Jackson